IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL DUWAYNE SOULIER,

    Plaintiff,

v.

BAYFIELD COUNTY and
BAYFIELD COUNTY TRIBAL
RELATIONS COMMITTEE,

    Defendants.

OPINION & ORDER

Case No. 22-cv-3-wmc

*Pro se* plaintiff Michael Soulier brings this action under 42 U.S.C. § 1983 against Bayfield County and the Bayfield County Tribal Relations Committee, bringing constitutional and state law challenges to the events related to his July 8, 2020, arrest, time spent in the Bayfield County Jail and prosecution related to that arrest. Soulier's complaint is under advisement for screening as required by 28 U.S.C. §§ 1915(e)(2), 1915A. Since Soulier's complaint fails to satisfy the minimal pleading requirements of Federal Rule of Civil Procedure 8, if he wants to proceed with this lawsuit, he will be required to file an amended complaint that addresses the deficiencies identified below. The court will also deny Soulier's motion for appointment of counsel (dkt. #6), without prejudice to his ability to renew it at a later date in this lawsuit.

ALLEGATIONS OF FACT[1]

On July 8, 2020, plaintiff Michael Soulier was riding his son's bike in Bayfield County, and a police officer, non-defendant Eric Swan, stopped Soulier. Soulier alleges that Swan was extremely aggressive towards him, accusing him of running away. When Soulier commented, "Aren't you being investigated for conduct like this?" (Compl. (dkt. #1) 3), Swan directed him to place his hands behind his back. Soulier complied, and Swan applied the cuffs so tightly that it cut off circulation to Soulier's hands. Then Swan placed Soulier in an extremely hot squad car for about 30 minutes, despite Soulier screaming that he could not breathe, flailing and gasping for air.

Soulier was escorted to the Bayfield County Jail, where Soulier asked staff for medical attention for his hands and fingertips and to address chest pain. Soulier received no medical attention.

Soulier claims that he was denied equal protection because when he asked to lodge an official complaint about Swan's use of force, that request was denied. Soulier further challenges the amount of his bail, and he claims that his criminal prosecution denied him his rights under the 1968 Indian Civil Rights Act.

Publicly-available records show that, as a result of the July 8, 2020, events, Soulier was charged in Bayfield County with: (1) battery or threat to judge, prosecutor or law

---

[1] In addressing any *pro se* litigant's complaint, the court must read the allegations generously and draw all reasonable inference in his favor. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this order, the court assumes the following facts based on the allegations in plaintiff's complaint, unless otherwise noted, and has incorporated information from the electronic docket of plaintiff's criminal proceeding, available at Wisconsin Circuit Court Access, http://wcca.wicourts.gov (last visited Mar. 16, 2022).

enforcement, (2) fleeing a vehicle, and (3) disorderly conduct. *State v. Soulier*, No. 2020CF73 (Bayfield Cnty.). On May 24, 2021, Soulier was found guilty of the disorderly conduct charge, having pleaded no contest.

OPINION

Plaintiff seeks to proceed on numerous constitutional claims, challenging his 2020 arrest and conviction, as well as the medical care he claims was denied during his stay at the jail. Specifically, he seeks monetary damages for his injuries to his wrist and heart, which he maintains required medical attention, as well as for Bayfield County's violation of his right to be free from excessive bail, and his constitutional rights during his criminal prosecution. However, plaintiff may not proceed on any of these claims as currently pled.

As an initial matter, plaintiff's constitutional challenges to his criminal conviction are barred by the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As explained in *Heck,* a plaintiff is precluded from bringing claims for damages if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his [state criminal] conviction or sentence." *Id.* This bar applies unless the underlying conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Given that nothing in plaintiff's pleadings or the publicly available information suggests his disorderly conduct conviction has been invalidated or called into question, his broad challenge to that proceeding is barred. If plaintiff is successful in invalidating his disorderly

3

conduct conviction, he may refile his claims challenging his convictions. For now, the court is dismissing those claims without prejudice. *See Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011).

Plaintiff also challenges (1) officer Swan's use of force during his arrest, (2) the lack of medical care he received while held at the Bayfield County Jail, (3) the amount of his bail, and (4) his failed attempt to initiate an investigation into Swan's use of force. However, plaintiff's allegations with respect to these claims do not satisfy the requirements under Federal Rule of Civil Procedure 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief that is sufficient to provide the defendant with fair notice of the claim and its basis." *Ray v. City of Chicago*, 629 F.3d 660, 662 (7th Cir. 2018) (citations omitted). Additionally, the complaint must contain enough allegations of fact to support a claim under federal law. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).

In fairness, plaintiff's allegations may support a Fourth Amendment challenge to the amount of force used during his arrest. The Fourth Amendment prohibits unreasonable searches and seizures. *Kuhn v. Goodlow*, 678 F.3d 552, 555–56 (7th Cir. 2012). An officer's use of force during a seizure is unreasonable if, judging from the totality of the circumstances, the officer uses greater force than was reasonably necessary to effectuate the seizure. *Gonzalez v. City of Elgin*, 578 F.3d 526, 539 (7th Cir. 2009). Given plaintiff's allegations about the degree of force Swan used during the arrest, in particular, the amount of force used on plaintiff when he was handcuffed and then placed in the squad car, plaintiff may be able to pursue a Fourth Amendment claim against Swan.

Similarly, plaintiff's allegations related to his medical care may support a constitutional claim as well. Since plaintiff was an arrestee during his interaction with these defendants, his claim falls under the Fourth Amendment. *See Ortiz v. City of Chi.*, 656 F.3d 523, 530 (7th Cir. 2011) (protections of the Fourth Amendment apply at arrest and through the probable cause hearing, due process principles govern a pretrial detainee's conditions of confinement after the judicial determination of probable cause, and the Eighth Amendment applies following conviction). In determining whether an officer's decision to deny medical care was reasonable under the Fourth Amendment, courts consider (1) whether the officer had notice of the arrestee's medical needs; (2) the seriousness of the medical need; (3) the scope of the requested treatment; and (4) police interests, including administrative, penological, or investigatory concerns. *Id.*

However, plaintiff has not named Swan or any individuals working at the jail as the defendants, and the two named defendants are not subject to suit under § 1983 in these circumstances. The Bayfield County Tribal Relations Committee is not a person or entity subject to suit under § 1983. Rather, the committee appears to be a division within the government of Bayfield County, which is not separately subject to suit. *See Hermann v. Dunn Cnty.*, 761 F. App'x 647, 650 (7th Cir. 2019) (citing *Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004)) (county development committee is not a separate entity from the county itself). Yet plaintiff may not proceed against Bayfield County either. To state a claim against the county, plaintiff must allege that his constitutional rights were violated as a result of: (1) an official policy adopted and promulgated by the entity's officers; (2) a governmental practice or custom that, although

5

not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority. *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690 (1978)). Since plaintiff is not challenging a formal policy or governmental practice or custom, and instead his constitutional challenges relate to discrete events surrounding his arrest and time spent in jail, he may not proceed against Bayfield County in this lawsuit under § 1983.

Plaintiff's remaining challenges to the amount of his bail and the handling of his complaint against Swan do not support a claim under § 1983. To state an Eighth Amendment claim for excessive bail, a plaintiff must allege facts showing that he was subjected to additional incarceration "without penological justification and that defendants acted with deliberate indifference." *Aguilar v. Gaston-Camera*, 861 F.3d 626, 631 (7th Cir. 2017). Plaintiff includes no more than a conclusory statement that he was overcharged with "an extremely high bail." (Compl. (dkt. #1) 4.) Even setting aside the omission of a proper defendant to this claim, plaintiff's assertion falls far short of supporting an inference that he spent unnecessary time in jail because of the bail. *Ashcroft*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

As for plaintiff's challenge to how his complaint against Swan was handled, he invokes the Fourteenth Amendment's equal protection clause. Yet to establish a prima facie claim for discrimination under the equal protection clause, the plaintiff must allege that: (1) he is a member of a protected class; (2) he is otherwise similarly situated to members of an unprotected class; and (3) he was treated differently from members of the

6

unprotected class. *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (citation omitted). Since he invokes the 1968 Indian Civil Rights Act, the court infers that plaintiff is Native American. However, plaintiff has not alleged that his complaint against Swan was disregarded because of his national origin, nor has he alleged that other non-Native Americans' use of force complaints were handled in a more favorable fashion.

Accordingly, plaintiff's complaint fails to support a federal claim for relief. However, out of deference to plaintiff's *pro se* status, before dismissing this lawsuit, the court will give plaintiff the opportunity to amend his complaint to include more specific information about the force used in executing his arrest and the denial of his requests for medical care at the jail. Most importantly, plaintiff must name a proper defendant, in other words, the individual or individuals involved in his arrest and in denying him medical care. If he does not know the identity of the individual or individuals who denied him medical care at the jail, he may name John or Jane Doe defendants at this time and, if allowed to proceed with his claim, the court will provide him with instructions on how to identify this defendant or defendants.

If plaintiff submits a proposed amended complaint by the deadline set forth below, the court will take it under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2). In preparing his amended complaint, plaintiff should exclude any constitutional challenges to his criminal proceedings. Additionally, plaintiff should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. Most importantly, plaintiff should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist

him in relation to those events. Plaintiff should set forth his allegations in separate, numbered paragraphs using short and plain statements. After he finishes drafting his amended complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

Finally, the court is denying Soulier's motion for appointment of counsel without prejudice. Civil litigants have no constitutional or statutory right to the appointment of counsel. *E.g.*, *Ray v. Wexford Health Sources, Inc.,* 706 F.3d 864, 866 (7th Cir. 2013); *Luttrell v. Nickel,* 129 F.3d 933, 936 (7th Cir. 1997). The court may, however, use its discretion to determine whether to help recruit counsel to assist an eligible plaintiff who proceeds under the federal in forma pauperis statute. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent an indigent civil litigant *pro bono* publico.") Soulier is proceeding *in forma pauperis*, so he is eligible for recruitment of counsel.

Before deciding whether to recruit counsel, a court must find that the plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful. *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). Soulier has not described any efforts to recruit an attorney on his own, and this court typically requires *pro se* litigants to contact at least three attorneys about representation and show that those attorneys declined to represent them by filing those rejection letters with the court. Therefore, the court will deny this request for Soulier's failure to make those reasonable efforts, and because recruitment of counsel is not warranted at this stage in the lawsuit.

The central question is "whether the difficulty of the case -- factually and legally -- exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."  *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007).  At this point, Soulier's only task is to prepare an amended complaint, which requires him to provide more details about his use of force and medical care claims, bearing in mind the legal standards set forth above.  Soulier's submissions thus far do not suggest he cannot complete this task.  The denial will be without prejudice to Soulier's ability to renew it, should he (1) show that he made reasonable efforts to recruit an attorney on his own, and (2) explain in detail why he is incapable of meeting the demands of this case.  That said, Soulier is advised that this court very rarely recruits counsel for cases of this nature prior to trial.

## ORDER

IT IS ORDERED that:

1) Plaintiff Michael Soulier is DENIED leave to proceed, and his complaint is DISMISSED without prejudice for failure to meet the minimal pleading requirements of Federal Rule of Civil Procedure 8.

2) Plaintiff's motion for appointment of counsel (dkt. #6) is DENIED without prejudice.

3) Plaintiff has until **April 7, 2022**, to file a proposed amended complaint that satisfies the requirements of Federal Rule of Civil Procedure 8.  Plaintiff's failure to file a proposed amended complaint by that deadline will result in the court dismissing this action with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 17th day of March, 2022.

BY THE COURT:
___/s/_____
WILLIAM M. CONLEY
District Judge