IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL DUWAYNE SOULIER,

    Plaintiff,

v.

OFFICER ERIC SWAN,
BRENDA DEBOE,
LUKE KLEEZRA and
MARK ABELES-ALLISON,

    Defendants.

OPINION AND ORDER

Case No. 22-cv-3-wmc

---

*Pro se* plaintiff Michael Soulier is proceeding in this lawsuit for events related to a July 2020 arrest. The court granted him leave to proceed against Bayfield County Officer Eric Swan for allegedly using excessive force when arresting him, and against Bayfield County Jail employees Brenda Deboe, Luke Kleerza and Mark Abeles-Allison for failing to provide him needed medical care while detained at the jail in July of 2020. The jail defendants seek summary judgment for Soulier's failure to exhaust his administrative remedies with respect to his claims against them. (Dkt. #29.) The court is denying this motion because the exhaustion requirement of the Prison Litigation Reform Act ("PLRA") does not apply to this case.

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought . . . under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted." During the relevant time in this case, the Bayfield County Jail had a grievance procedure available to all inmates, and Soulier never filed a grievance at the jail complaining about medical care. In opposition, however, Soulier argues that he was not required to exhaust his administrative remedies for two reasons. Because the second of these has merit, the court must rule in his favor.

First, Soulier directs the court to a Wisconsin Supreme Court decision, *Casteel v. Vaade*, 167 Wis. 2d 1, 481 N.W.2d 476 (Wis. 1992), holding that a plaintiff bringing claims under § 1983 need not exhaust administrative remedies before initiating a lawsuit in state court. However, the ruling from *Casteel* does not apply here since Soulier obviously filed this lawsuit in federal court.

Second, Soulier argues that the PLRA's exhaustion requirement does not apply to him because he had not been convicted of a crime in July of 2020, when the events comprising his claims in this lawsuit occurred. While Soulier is correct that the exhaustion requirement does not apply to him, it is not because he was not convicted of a crime in July of 2020. Indeed, the PLRA's exhaustion requirement applies to any person "incarcerated or detained in any facility who is *accused of*, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law . . . ." 42 U.S.C. § 1997e(h) (emphasis added). Rather, a plaintiff's status as it pertains to the exhaustion requirement is determined by "the status of the plaintiff at the time he brings his suit." *Witske v. Female*, 376 F.3d 744, 750 (7th Cir. 2004).

When Soulier filed this lawsuit on January 3, 2022, he was not detained at a jail or prison. The parties have not provided details about whether Soulier was out on probation,

but publicly available information about the basis for Soulier's July 2020 detention at the Bayfield County Jail shows that he was sentenced to just four days of jail time. *See State v. Soulier*, No. 2020CF73 (Bayfield Cnty. May 24, 2021), *available at* https://wcca.wicourts.gov. Because defendants have not otherwise shown that in January of 2020 Soulier was incarcerated or detained for any other matter that would make the PLRA's exhaustion requirement applicable, the court must deny defendants' motion for summary judgment.

ORDER

IT IS ORDERED that defendants' motion for summary judgment (dkt. #29) is DENIED.

Dated this 18th day of September, 2023.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge